Aiken *v.* Ann Davis and her Husband.

---

## AIKEN *v.* ANN DAVIS AND HER HUSBAND.

WHERE husband and wife are sued for rent claimed on a lease made by plaintiff to the wife—plaintiff and the wife being tenants in common of the property : *Held,* that the wife can be liable only as sole trader under the statute ; and that the complaint must aver facts requisite to establish her liability in that charac_ ter ; and that the allegation that she " was doing business as a *femme sole* with the consent of her husband " is insufficient.

APPEAL from the Fifteenth District.

Plaintiff and defendant Ann Davis were partners and tenants in

common of a ranch on Feather river, together with an exchange or hotel and its furniture, blacksmith shop, some live stock, and a ferry—the interest of the former being one-third, and of the latter two-thirds. Nov. 29th, 1855, they dissolved partnership, and plaintiff leased his interest to Ann for one year at a certain sum. She received and kept exclusive possession of the premises for the year, and then refused to deliver possession of plaintiff's interest, and remained in possession up to the commencement of this suit. Plaintiff sues for a balance due on the lease at the end of the year, Nov. 29th, 1856, and for the monthly installments per the terms of the lease, from that time to July 29th, 1858.

The complaint was filed Aug. 12th, 1858 ; and avers in the commencement that "plaintiff complains of Ann Davis, doing business as *femme sole* with the consent of her husband, and Robert Davis, her husband, residents," etc. The answer did not deny this allegation ; nor did plaintiff offer any evidence as to Ann Davis being a sole trader. The husband demurred on the ground that the complaint showed no cause of action against him. Demurrer sustained.

Special verdict, among other things, that nothing had been paid by defendant for use and occupation from Nov. 29th, 1856 to July 29th, 1858, and general verdict for plaintiff for the aggregate sum due from Nov. 29th, 1856, at the rate fixed in the lease.

Defendant moved for judgment in her favor on the special verdict taken as a whole. Denied ; and judgment entered for plaintiff, and against defendant Ann Davis on the general verdict for the rent from Nov. 29th, 1856. She appeals.

*Jos. E. N. Lewis*, for Appellant.

Cited *Rowe* v. *Dunn*, (4 Cal.) to the point that Mrs. Davis being a married woman, the complaint does not state facts sufficient to sustain the action—there being no allegation that she was a sole trader under the statute.

*H. O. Beatty*, for Respondent.

Cope, J. delivered the opinion of the Court—Field, C. J. concurring.

Upon a further examination of this case, we are satisfied that our former decision was erroneous, and that the judgment should be reversed.   The principal defendant is a married woman, and as against her the complaint does not state facts sufficient to constitute a cause of action.   She could only be held in the character of a sole trader under the statute; and the allegation that she was doing business as a *femme sole* with the consent of her husband is insufficient.   Enough should have been stated to establish her liability as a sole trader.

Judgment reversed, and cause remanded.